IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**HIGHLAND SUPPLY COMPANY,**
an Illinois Corporation, and
**PRIMA TEK II, L.L.C.,** an Illinois
Limited Liability Company,

**Plaintiffs,**

v.

**KLERK'S FLEXIBLE PACKAGING,**
B.V., a Netherlands Corporation, f/k/a
**KLERK'S PLASTIC INDUSTRIE, B.V.,**

**Defendant.**                                        **No. 05-CV-482-DRH**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. Introduction

Before the Court is a motion to remand submitted by Plaintiffs Highland Supply Company and Prima Tek II, L.L.C. (together, "Plaintiffs") on August 5, 2005. (Doc. 17.) Defendant Klerk's Flexible Packaging, B.V. responds in opposition. (Doc. 25.) For the reasons below, the Court denies Plaintiffs' motion.

### II. Background

This case arises out of a business relationship between Plaintiffs, affiliated companies holding several patents related to plant covers, and Defendant, a manufacturer and distributor. Plaintiffs originally filed this case in Madison County, Illinois Circuit Court. (Doc. 2.) Defendant timely removed. (Doc. 1.)

The relevant facts are as follows: On May 15, 1998, the parties entered into an agreement (the "1998 Agreement" or "Agreement") pursuant to which Defendant was to sell plant covers manufactured using Plaintiffs' patented technology. The parties began performing under the Agreement, but their relationship soon soured.[1] Plaintiffs now allege that Defendant breached Article X of the Agreement ("Article X") by conceiving, developing, and then "manufactur[ing] and/or sell[ing]" certain types of plant covers. (Doc. 2, Pls. Compl., ¶¶ 13-17.) Plaintiffs further assert that Defendant violated Article X by failing to inform them of these activities.

In pertinent parts, Article X states:

10.1 As part of [Defendant's] duties and without further compensation, [Defendant] may conceive of new developments and/or innovations and/or improvements and/or works of authorship . . . in products covered by the LICENSED PATENT . . . and all such developments and/or inventions and/or improvements and/or works of authorship . . . conceived of by [Defendant], either alone or with others, shall be the property of [Plaintiff Highland] or their designee. This paragraph 10.1 applies to such developments and/or inventions and/or improvements and/or works of authorship made and/or authored after termination of this Agreement if conception by [Defendant] occurred prior to termination . . . .

10.2 [Defendant] shall disclose promptly and in writing to [Plaintiff

---

[1] The parties' strained relations have spawned at least two other related cases in the Southern District of Illinois: ***Prima Tek II, L.L.C. v. Klerk's Plastic Industrie, B.V.*, Case No. 00-583-GPM**, and ***Prima Tek II, L.L.C. v. Klerk's Flexible Packaging, B.V. & Holland Pack, B.V.*, Case No. 05-238-DRH**. In the former case, Prima Tek sued for breach of other licensing agreements. In the latter case — which was filed earlier this year and is currently pending before this Court — Prima Tek sues for patent infringement. Holland Pack, B.V. is also a Defendant in the latter case.

> Highland's] President or the President's designee all developments and/or inventions and/or improvements and/or and [sic] works of authorship referred to this Article X.
>
> 10.3 When requested to do so, whether during [Defendant's] engagement hereunder or after termination thereof, [Defendant] shall . . . assign and convey to [Plaintiff Highland] or their designee the entire right, title and interest in the developments and/or inventions and/or works of authorship and confidential property referred to in Article X.[2]

(Doc. 20.) Due to Defendant's alleged violations, Plaintiffs request an order (1) commanding Defendant to assign and convey its entire "right, title and interest in and to" plant covers falling under the Agreement; (2) permanently enjoining Defendant from further manufacturing or selling the plant covers; (3) requiring Defendant to provide an accounting of all sales of such plant covers; (4) imposing a constructive trust over all proceeds obtained by Defendant by wrongfully selling the plant covers; (5) granting costs; and (6) providing other relief. (Doc. 2, Pls. Compl., ¶ 20.)

### III.  Analysis

Defendant primarily premises its removal on **28 U.S.C. § 1338(a)**.[3] Under that statue, district courts "have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction [is] exclusive of the courts of the states in patent,

---

[2] The "LICENSED PATENT" at issue is U.S. Patent No. 5,581,938, entitled "Decorative Sleeve for Covering a Flower Pot." (Doc 2, Pls. Compl., ¶ 6.) The three sections above are the lone sections of Article X cited in Plaintiffs' complaint. (Doc. 2, Pls. Compl., ¶¶ 9-12.)

[3] In its notice of removal, Defendant also indicates that diversity jurisdiction is a valid removal ground. (Doc. 1, ¶ 4.) It abandons this argument, however, in responding to Plaintiffs' motion to remand. (*See* Doc. 25.)

plant variety and copyright cases." **28 U.S.C. § 1338(a)**. Defendant argues that although Plaintiffs frame their complaint in breach-of-contract terms, resolution of Plaintiffs' claims necessarily requires a court to determine whether the products in question are "covered" by the relevant patent [hereinafter the '938 patent]. Because **section 1338(a)** mandates that all patent-law claims give rise to federal jurisdiction, Defendant continues, Plaintiffs' action arises under federal patent law. Moreover, because federal courts have exclusive jurisdiction over patent claims, the Agreement's forum-selection clause is of no consequence. (Doc. 25, pp. 11-12.)

Plaintiffs, arguing for remand, insist that federal jurisdiction is improper. (Doc. 18.) First, they argue that under the well-pleaded complaint rule, the complaint determines whether federal jurisdiction lies, and because the complaint here pleads no federal claims, there is no federal jurisdiction. Second, they argue that there is no complete diversity here, and thus no federal diversity jurisdiction. Third and finally, they argue that because the Agreement's forum-selection clause is "exclusive, mandatory, valid and enforceable," federal jurisdiction is inappropriate.

### A. Removal Standard

A defendant may remove a case only if a federal district court would have original jurisdiction over the action. *See* **28 U.S.C. § 1441;** ***Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)**.[4] Generally, statutes providing for removal

---

[4] **28 U.S.C. § 1441** states:

are construed narrowly, and doubts about removal are resolved in favor of remand. ***Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)**. The burden of establishing jurisdiction in the federal courts normally falls on the party seeking removal. ***Id.***

### B.     28 U.S.C. § 1338(a) Jurisdiction

In this case, the analysis of whether federal jurisdiction is proper turns on the question of whether, under **28 U.S.C. § 1338(a)**, Plaintiffs' claims necessarily arise under federal patent law. To begin with, due to their similarities in language, "the Supreme Court [has] grafted **§ 1331** precedent onto **§ 1338(a)**." ***Hunter Douglas, Inc. v. Harmonic Design*, 153 F.3d 1318, 1324 (Fed. Cir. 1998)** (overruled on other grounds) (citing ***Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808-09 & n.2 (1998)**).[5]  That is, case law interpreting whether a

---

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. . . .

[5] Under **28 U.S.C. § 1295(a)(1)**, the Federal Circuit has jurisdiction over patent-law appeals. *See* **28 U.S.C. § 1295(a)(1)** ("The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction . . . of an appeal from a final decision of a district court of the United States . . . if the jurisdiction of that court was based, in whole or in part, on **section 1338** of this title.").

party's claims raise a federal question under **28 U.S.C. § 1331** applies with equal force in the **section 1338(a)** setting. *Holmes Group, Inc. v. Vornado Air Circulation Sys.*, **535 U.S. 826, 830-831 (2002)**; *Christiason*, **486 U.S. at 808-09**. The Supreme Court, further, has set a "lenient" standard for **section 1338(a)** jurisdiction. *U.S. Valves, Inc. v. Dray*, **212 F.3d 1368, 1372 (Fed. Cir. 2000)**; *see also Christianson*, **486 U.S. at 807-810**. Though it has noted that jurisdiction under **section 1338(a)** is improper if an alternative, non-patent-law basis exists upon which to grant the relief a plaintiff requests, *Christianson*, **486 U.S. at 810**, it has also stated that if a plaintiff's well-pleaded complaint establishes "either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law," then federal jurisdiction is proper. *Holmes Group*, **535 U.S. at 830**. Importantly, though federal jurisdiction is certainly appropriate if a complaint explicitly pleads federal patent claims, the apparent absence of such claims does not necessarily foreclose federal jurisdiction. Indeed, "[j]ust as 'a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint,' so a plaintiff may not defeat **§ 1338(a)** jurisdiction by omitting to plead necessary federal patent-law questions." *Id.* **at 809 n.3**; *see also* ***Franchise Tax Bd. v. Construction Laborers Vacation Trust et al.*, 463 U.S. 1, 13 (1983)** (stating similar principle in the **section 1331** context).

In *U.S. Valves v. Dray*, the Federal Circuit was confronted with this

latter issue — specifically, whether a state-court action in which the plaintiff pleaded no patent-law claims invoked **section 1338(a)** jurisdiction due to the presence of necessary patent-law questions.  In that case, a plaintiff and defendant entered into a licensing agreement pursuant to which the plaintiff was to "manufacture, use, sell, advertise, and distribute" a product for which the defendant held patents.  ***U.S. Valves*, 212 F.3d at 1370**.  The agreement further provided that "[a]ll future improvements, modifications or enhancements of the [patented products] made by the [defendant] shall be Licensed and shall, without payment of additional consideration, be made available to the [plaintiff]." ***Id.***  After the parties entered into the agreement, the defendant began selling, on his own, both the product in question and another substantially similar product.  The plaintiff sued in Indiana state court, alleging breach of the licensing agreement.  The defendant then removed, invoking diversity jurisdiction.  Ultimately, the Seventh Circuit transferred the case to the Federal Circuit, reasoning that since the plaintiff would need to demonstrate that the relevant products were covered by the defendant's patents in order to succeed, **section 1338(a)** applied.  ***Id.* at 1371**.

      The Federal Circuit agreed, finding that the case invoked **section 1338(a)** jurisdiction.[6]  In its view, the plaintiff's action "contain[ed] a substantial

---

[6] Thus, although ***U.S. Valves*** was originally removed to federal court because of diversity jurisdiction, **section 1338(a)** provided an independent federal jurisdictional ground that warranted transfer to the Federal Circuit under **28 U.S.C. § 1295(a)(1)**.

issue of federal patent law," and therefore jurisdiction was proper. As it stated,

> The license agreement between [the defendant] and [the plaintiff] gives [the plaintiff] "an exclusive right to manufacture, use, sell, advertise, and distribute the Licensed Product." To show that [the defendant] sold valves in contravention of [the plaintiff's] exclusive rights to such sales, [the plaintiff] must show that [the defendant] sold valves that were covered by the licensed patents. Since some of the valves that [the defendant] sold were of the sliding ring variety, a court must interpret the patents and then determine whether the sliding ring valve infringes these patents. Thus patent law is a necessary element of [the plaintiff's] breach of contract action.

***Id.* at 1372**.

Here, like in ***U.S. Valves***, a plaintiff asserts a state-law breach-of-contract action arising out of a licensing agreement, and here, like in ***U.S. Valves***, the Court is faced with the question of whether that action contains necessary patent-law issues causing the case to arise under **28 U.S.C. § 1338(a)**.[7] As stated in the complaint, Plaintiffs' claims are that Defendant breached the 1998 Agreement by manufacturing or selling products "covered" by the '938 patent, and further that Defendant failed to disclose its development of such products, also in violation of the Agreement. No patent-law issues exist on the face of the complaint; rather, Plaintiffs plead only state-law breach-of-contract claims. Thus the question here, like in ***U.S. Valves***, is whether Plaintiffs' ostensibly state-law claims contain patent-law issues that trigger **section 1338(a)** jurisdiction.

---

[7] Though the defendant — not, like here, the plaintiff — in ***U.S. Valves*** held the relevant patents, the Federal Circuit's holding applies with equal force. Both this matter and ***U.S. Valves*** stem from alleged breaches of licensing agreements that allowed one party to make use of another's patent.

The Court finds in the affirmative. Here, as in ***U.S. Valves***, Plaintiffs' state-law breach-of-contract claims have necessary patent-law components. That is, in order to prevail on their theory that Defendant breached the 1998 Agreement by manufacturing, selling, developing, and/or improving products "covered" by the '938 patent, Plaintiffs will need to show that the products in question relate to — or were "covered" by — that patent. Further, in determining whether Plaintiffs have made the requisite showings, a court will need to closely scrutinize both the '938 patent and the products manufactured by Defendant to determine, through a potentially fact-intensive and technical inquiry, whether these products constitute developments, innovations, or improvements on the patent. This inquiry — necessary to the success of Plaintiffs' claims — raises a substantial issue of federal patent law under ***U.S. Valves***.

While Plaintiffs are correct to assert that **section 1338(a)** jurisdiction is improper if there is an alternative, non-patent-law basis upon which to grant the relief they seek (Doc. 18, p. 9), *see **Christianson*, 486 U.S. at 810**, this case presents no such basis. Here, Plaintiffs request an order (1) commanding Defendant to assign its interest in "plant covers falling under the agreement;" (2) enjoining Defendant from further manufacture or sale of such plant covers; (3) requiring Defendant to provide an accounting of its plant-cover sales; and (4) imposing a constructive trust on Defendant's plant-cover proceeds. (Doc. 2, Pls. Compl., ¶ 20.) Because Plaintiffs assert breach-of-contract claims, this relief can only be granted

once a court determines that Defendant breached the 1998 Agreement. To make this determination, a court will need to decide whether the '938 patent "covers" the relevant products. This invokes federal jurisdiction under *U.S. Valves* and **section 1338(a)**.[8]

### C.    Other Jurisdictional Grounds

Given the presence of **section 1338(a)** jurisdiction, the Agreement's forum-selection clause is of no consequence. As **28 U.S.C. § 1338(a)** provides, district courts have jurisdiction over patent cases that is "*exclusive* of the courts of the states." **28 U.S.C. § 1338(a)** (emphasis added). Under this language, state courts have no jurisdiction to hear cases invoking necessary patent-law issues. *See, e.g.*, *Tafflin v. Levitt*, **493 U.S. 455, 471 (1990)** (noting that federal courts exercise exclusive jurisdiction over patent cases arising under **section 1338(a)**). Moreover, because the Court finds that federal jurisdiction is proper under **section 1338(a)**, the diversity issue need not be reached. Federal jurisdiction exists here independently of **28 U.S.C. § 1332**.

---

[8] Furthermore, although Plaintiffs argue that "[n]o determination of patent law, substantial or otherwise, is implicated" by their failure-to-disclose, failure-to-assign, and failure-to-convey claims in particular (Doc. 18, p. 10), the facts of this case point to the contrary. Because these claims require a court to make an initial determination of whether the products in question are "covered" by the '938 patent, they depend no less on federal patent law.

## IV.  Conclusion

Therefore, for the reasons above the Court **DENIES** Plaintiffs' motion to remand.  (Doc. 17.)

**IT IS SO ORDERED.**

Signed this 21st day of December, 2005.

/s/         David RHerndon
**United States District Judge**
