**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**HIGHLAND SUPPLY COMPANY,
an Illinois Corporation, and
PRIMA TEK II, L.L.C., an Illinois
Limited Liability Company,**

**Plaintiffs,**

**v.**

**KLERK'S FLEXIBLE PACKAGING,
B.V., a Netherlands Corporation, f/k/a
KLERK'S PLASTIC INDUSTRIE, B.V.,**

**Defendant.**                                              **No. 05-CV-482-DRH**

<u>**MEMORANDUM AND ORDER**</u>

**HERNDON, District Judge:**

**I.  <u>Introduction and Background</u>**

Before the Court is Plaintiffs' motion to reconsider this Court's ruling denying remand in this case (Doc. 26), or, in the alternative, grant certification for interlocutory appeal. (Doc. 29.) Plaintiffs argue that this Court's December 21, 2005 order denying remand was wrongly decided, and that the holding of ***U.S. Valves, Inc. v. Dray*, 212 F.3d 1368 (Fed. Cir. 2000)** was improperly applied to the facts of this case. They argue that because the 1998 agreement between the parties (the "Agreement") "does not extend just to patentable inventions," the ***U.S. Valves*** decision is inapposite. (Doc. 30, p. 2.)  For the reasons below, the Court denies Plaintiffs' motion to reconsider and declines to issue a certificate of appealability.

## II.  <u>Analysis</u>

### A.    Reconsideration

Motions to reconsider interlocutory orders "are left subject to the complete power of the court rendering them," should be granted "as justice requires," **FED. R. CIV. P. 60 advisory committee's notes**, and must be "consonant with equity." ***John Simmons Co. v. Grier Brothers*, 258 U.S. 82, 90-91 (1922).  *See also* 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE  ¶ 60App.108[2] (3d ed. 2004)**.  Such motions "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." ***Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996)** (quoting ***Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982)**, *aff'd*, **736 F.2d 388 (7th Cir. 1984))**.  "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." ***Caisse Nationale de Credit Agricole*, 90 F.3d at 1270**.

Plaintiffs' current motion offers little in the way of fresh reasoning and presents no new factual issues or evidence.  Instead, Plaintiffs focus on two areas of argument that their motion to remand has, in detail, already addressed (*see* Doc. 18, pp. 6-11): (1) how this case differs from ***U.S. Valves***, and (2) how the facts of two other cases — ***Board of Regents v. Nippon Telephone & Telegraph Corp.*, 414 F.3d 1358 (Fed. Cir. 2005)** and ***American Telephone & Telegraph Co. v.***

*Integrated Network Corp.*, **972 F.3d 1321 (Fed. Cir. 1992)** — more closely resemble the facts of this case. These arguments are not new, and the Court remains unpersuaded.

As this Court has previously noted, the relevant question here is whether the facts of this case require a court to interpret a federal patent, thus causing the entire matter to arise under **28 U.S.C. § 1338(a)**. (*See* Doc. 26, pp. 5-6.) Plaintiffs sue for breach of contract. They claim that Defendant breached the Agreement by (1) conceiving and developing certain products; (2) failing to disclose such conception and development; (3) manufacturing and/or selling products constituting developments, inventions, and or improvements on Plaintiffs' patented technology; and (4) failing to return the materials associated with its conception and development. (Doc. 2.) The Agreement, in pertinent part, provides that "Defendant may conceive of new developments and/or innovations and/or improvements and/or works of authorship . . . *in products covered by the LISENCED PATENT*," and that such products are the property of Plaintiff. (Doc. 20 (italics added).)

As the above language implies, before a court determines whether Defendant breached the agreement by manufacturing, using, or selling certain products, it must first decide the predicate issue of whether the developments, inventions, or improvements in question are "covered" by the patent. That is, the relevant language in the Agreement limits Defendant's behavior only as to "covered" products; if a product is not "covered" by Plaintiffs' patent, then Defendant's use, manufacture, sale, or failure to disclose does not amount to breach of the Agreement.

This fact brings this matter within *U.S. Valves*'s holding.  *See **U.S. Valves*, **212 F.3d at 1372**.

Despite Plaintiffs' argument to the contrary, it does not matter, for the purposes of the remand question, whether Defendant's developments, innovations, or improvements are themselves patentable.  What matters is that they relate to products "covered" by the licensed patent.  If such products are "covered," then, under the language of the Agreement, Defendant's use, manufacture, sale, or failure to disclose can give rise to a breach-of-contract suit.  If they are not, it cannot.  (*See* Doc. 20.)  That is why, as this Court has held (Doc. 26), this case presents necessary patent-law issues: in order to determine if Defendant's products are, in fact, developments, innovations, or improvements on the product described in Plaintiff's patent, a determination will need to be made whether or not these products derive from Plaintiff's patent.  This raises a substantial question of federal patent law under **28 U.S.C. § 1338(a)**.  *See **U.S. Valves*, **212 F.3d at 1372**.  Accordingly, Defendant's removal was proper.

### B.    Certificate of Appealabiltiy

Pursuant to **28 U.S.C. § 1292(b)**,

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if

application is made to it within ten days after the entry of the order . . . .

Certificates of appealability are "disfavored" because they "frequently cause unnecessary delays in lower court proceedings and waste the resources of an already overburdened judicial system.  For these reasons, the preferred practice is to defer appellate review until the entry of a final judgment . . . ." *Herdrich v. Pegram*, **154 F.3d 362, 368 (7th Cir. 1998)** (citing *Coopers & Lybrand v. Livesay*, **437 U.S. 463, 473-74 (1978)**) (citation omitted).  Interlocutory appeal is available only when "(1) an appeal presents an question of law; (2) it is controlling; (3) it is contestable; (4) its resolution will expedite the resolution of the litigation; and (5) the petition to appeal is filed in the district court within a reasonable amount of time after entry of the order sought to be appealed." *Boim v. Quranic Literacy Inst.* **291 F.3d 1000, 10007 (7th Cir. 2002)** (citing *Ahrenholz v. Board of Trustees*, **219 F.3d 674, 675 (7th Cir. 2000)**).

The Court declines to issue a certificate of appealability here because resolution of the remand issue turns on a question of contract interpretation, not a question of law.  Plaintiffs' contention in its motion to remand is that the parties' agreement does not require this Court to interpret a federal patent.  (Docs. 18, 30.) Defendant argues to the contrary.  (Docs. 25, 31.)  After considering the parties' arguments, the Court sided with Defendant.  (Doc. 26.)  Though Plaintiffs apparently disagree with this conclusion, their disagreement centers exclusively on the manner

in which the Court interpreted the parties' agreement, not on a legal issue.[1]  (*See* Doc. 30.)  The question Plaintiffs propose to submit, via appeal, to the Federal Circuit makes this clear; as they put it, this  Court "should allow the Federal Circuit to consider if a non-patent theory of recovery exists upon which plaintiffs may rely." Plaintiffs, in other words, seek to have the Federal Circuit examine the parties' Agreement and determine whether, contrary to the decision of this Court, it gives rise to a nonpatent theory of recovery.  That is a contract-interpretation question, not a question of law.  *See **Ahrenholz*, 219 F.3d at 676-77*.[2]  The relevant question of law has already been resolved by the Federal Circuit.  *See **U.S. Valves**, 212 F.3d 1368*. Accordingly, the Court declines to issue a certificate of appealability.

---

[1] The legal issue this case presents — whether a suit for breach of contract requiring a court to interpret a federal patent raises a question of federal patent law under **28 U.S.C. § 1338(a)** — is settled by ***U.S. Valves***.

[2] "[T]he question of the meaning of a contract, though technically a question of law when there is no other evidence but the written contract itself, is not what the framers of **section 1292(b)** had in mind either.  We think they used 'question of law' in much the same way a lay person might, as referring to a 'pure' question of law rather than merely to an issue that might be free from a factual contest. The idea was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case." ***Ahrenholz*, 219 F.3d at 676-77** (citations omitted).

### III.  Conclusion

Therefore, the Court **DENIES** Plaintiffs' motion to reconsider and **DECLINES** to issue a certificate of appealability.  (Doc. 29.)

**IT IS SO ORDERED**.

Signed this 1st day of February, 2006.


/s/        David RHerndon
**United States District Judge**